# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ELLNEISHA BROWN**                                              **CIVIL ACTION**

**VERSUS**                                                       **NO. 20-638**

**PROTECTIVE INSURANCE COMPANY, et al.**            **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is Plaintiff Ellneisha Brown's ("Plaintiff") "Motion to Remand."[1] In this litigation, Plaintiff claims that she sustained personal injuries as a result of an accident that occurred on La. Highway 44 in the city of Gramercy, Parish of St. James, Louisiana, involving Plaintiff and Defendant Mr. Mario Lopez ("Lopez").[2] Plaintiff alleges that at the time of the accident, Lopez was issued a contract of liability insurance by Defendant Protective Insurance Company ("Protective Insurance Company").[3] This is the third time this case has been removed to this Court. In the instant motion, Plaintiff argues that the issue of jurisdiction was already judicially determined by this Court the first time this matter was removed and that therefore, res judicata applies.[4] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On October 9, 2019, Plaintiff filed a Petition for Damages against Defendants Mario Lopez ("Lopez") and Protective Insurance Company ("Protective Insurance Company") (collectively,

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 1-2 at 3.

[3] *Id*. at 4.

[4] Rec. Doc. 5 at 1.

"Defendants") in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.[5] In the Petition for Damages, Plaintiff alleges that on or about October 11, 2018, she sustained personal injuries as a result of an accident that occurred on La. Highway 44 in the city of Gramercy, Parish of St. James, Louisiana, involving Plaintiff and Defendant Lopez.[6] Plaintiff argues that she is entitled to damages for her past, present and future pain and suffering, past, present and future medical expense, lost earning potential.[7] Plaintiff alleges that at the time of the accident, Lopez was issued a contract of liability insurance by Protective Insurance Company.[8]

Protective Insurance Company removed the case to the United States District Court for the Eastern District of Louisiana for the first time on November 19, 2019.[9] In the first notice of removal, Defendant Protective Insurance Company asserted that "[t]he amount in controversy for these injuries exceeds $75,000.00, exclusive of interests and costs. Plaintiff has incurred at least $15,365.35 in past medical expenses and the amount in controversy for general damages exceeds $60,000."[10] Defendant Protective Insurance Company further stated that "[w]hen determining the amount in controversy, the amount of general damages in cases involving herniations may be placed, at the lower end, in the $40,000–$50,000 range . . . [t]he amount for general damages in cases involving knee injuries where surgery has been recommended may be placed in the $40,000 to $125,000 range . . . [and] the amount for general damages in cases involving rhizotomies may

---

[5] Rec. Doc. 1-2 at 3.

[6] *Id.*

[7] *Id.* at 4.

[8] *Id.*

[9] Case No. 19-13710, Rec. Doc. 1 at 6.

[10] *Id.* at 3.

exceed the amount in controversy necessary for federal jurisdiction."[11]   Therefore, Defendant Protective Insurance Company argued that "[b]ased on all of her alleged injuries, Defendant avers that the amount in controversy exceeds $75,000, exclusive of interests and costs."[12]

On December 5, 2019, following the Fifth Circuit's guidance in *Allen v. R&H Oil & Gas Co.*,[13] the Court ordered the parties to submit summary-judgment-type evidence regarding the amount in controversy *at the time of removal*, November 19, 2019.[14] On December 11, 2019, both Plaintiff and Defendant Protective Insurance Company filed responsive memoranda regarding the amount in controversy along with supporting documentation.[15]   The Court, after reviewing the evidence submitted by the parties, determined that there was insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims at the time of removal, if proven, would be worth an amount in excess of $75,000.[16]   Accordingly, on January 8, 2020, the Court remanded the case to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.[17]

On February 21, 2020, Defendants removed the case to the United States District Court for the Eastern District of Louisiana for a second time.[18] In the second notice of removal, Defendants once again allege that the Court has diversity jurisdiction over this matter and that the amount in

---

[11] *Id*. at 3–4.

[12] *Id*. at 3–4.

[13] 63 F.3d 1326, 1335 (5th Cir. 1995).

[14] Case No. 19-13710, Rec. Doc. 9.

[15] Case No. 19-13710, Rec. Docs. 10, 11.

[16] Case No. 19-13710, Rec. Doc. 12 at 11.

[17] *Id*. at 12.

[18] Case No. 20-638, Rec. Doc. 1.

controversy is satisfied.[19] Following the second removal, the case was randomly allotted to Section "T."[20] On April 1, 2020, this case was transferred from Section "T" to Section "G."[21] The Court once again found that Defendants put forth insufficient evidence to demonstrate by a preponderance of the evidence that Plaintiff's claims at the time of removal, if proven, would be worth an amount in excess of $75,000.[22] Accordingly, on May 7, 2020, the Court remanded the case to the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.[23]

On June 4, 2020, Defendants removed the case to the United States District Court for the Eastern District of Louisiana for a third time.[24] In the third notice of removal, Defendants once again allege that the Court has diversity jurisdiction over this matter and that the amount in controversy is satisfied.[25] Defendants further allege that on May 14, 2020, Plaintiff submitted a demand to Defendants for $595,475.35.[26] Following the third removal, the case was randomly allotted to Section "D" of this Court.[27] On June 8, 2020, this case was transferred from Section "D" to Section "G."[28]

On June 8, 2020, Plaintiff filed the instant motion to remand.[29] On June 22, 2020,

---

[19] *Id.*

[20] Case No. 20-638, Rec. Doc. 2.

[21] Case No. 20-638, Rec. Doc. 10.

[22] Case No. 20-638, Rec. Doc. 13.

[23] *Id.*

[24] Rec. Doc. 1.

[25] *Id.*

[26] *Id.* at 19.

[27] Rec. Doc. 2.

[28] Rec. Doc. 7.

[29] Rec. Doc. 5.

Defendants filed an opposition.[30]

## II. Parties' Arguments

### A.    Notice of Removal

In the notice of removal, Defendants again assert that the amount in controversy for Plaintiff's injuries exceeds $75,000, exclusive of interests and costs.[31] Defendants argue that Plaintiff has incurred at least $15,400.35 in past medical expenses.[32] Defendants contend that, because Plaintiff's itemization of medical expenses shows that the total bill at Spine Innovations is $1,310, the total amount of past medical expenses is at least $16,200.35.[33] Furthermore, Defendants argue that Plaintiff has received estimates for future medical expenses for the procedures recommended by her treating physicians that amount to $26,366.[34]

Defendants argue that the amount in controversy for general damages for a claim for herniations alone exceeds $40,000 to $50,000.[35] Defendants argue that the amount in controversy for general damages for a claim involving knee surgery can range from $40,000 to $125,000.[36] Defendants argue that the amount in controversy for general damages for a claim involving rhizotomies alone may be worth $75,000.[37] Defendants contend that "[t]herefore, the amount in controversy based on the potential general damages alone, when considering all of Plaintiff's

---

[30] Rec. Doc. 12.

[31] Rec. Doc. 1 at 7.

[32] *Id*. at 5 (citing Rec. Doc. 1-8).

[33] *Id*.

[34] *Id*. at 6.

[35] *Id*.

[36] *Id*.

[37] *Id*. at 7.

alleged injuries of (1) herniations, (2) knee injury with a recommendation for surgery, and (3) lumbar injury with recommendation for rhizotomy, is in excess of $75,000.00, exclusive of interests and costs ($50,000 plus $125,000 plus $75,000, or $250,000 – even if the general damages overlap, the amount in controversy based on general damages alone would still be above the necessary amount of controversy for federal jurisdiction)."[38] Finally, Defendants assert that Plaintiff has admitted, through a settlement demand, that the amount in controversy exceeds $75,000, exclusive of interests and costs.[39]

## B.    *Plaintiff's Motion to Remand*

In the instant motion, Plaintiff argues that "this matter has previous[ly] been decided twice and is res judicata, [and therefore] this Honorable Court does not have jurisdiction over their claims."[40] Plaintiff argues that this Court ordered, on two prior occasions, that this matter be remanded to state court.[41] Plaintiff asserts that the amount of damages has not changed since the prior remand orders were issued.[42] Therefore, Plaintiff argues that this matter is res judicata and as such should not be relitigated.[43]

## C.    *Defendants' Opposition to the Motion to Remand*

In opposition to the motion to remand, Defendants argue that they are entitled to remove this matter because removal is timely and because Defendants obtained new documents showing

---

[38] *Id*. at 7–8.

[39] *Id*. at 8.

[40] Rec. Doc. 5 at 1.

[41] Rec. Doc. 5-1 at 2.

[42] *Id*. at 3.

[43] *Id*.

that the amount in controversy exceeds $75,000, exclusive of interests and costs.[44] Additionally, Defendants argue that res judicata does not apply.[45]

First, Defendants argue that the amount in controversy is clearly above $75,000, exclusive of interests and costs.[46] Defendants contend that Plaintiff claims that she sustained injuries to her neck, low back, left knee and other parts of her body in the accident.[47] Defendants argue that Plaintiff has received recommendations for (1) left knee arthroscopic partial medial meniscectomy and chondroplasty surgery; (2) lumbar radiofrequency ablations; and (3) possible lumbar surgery.[48] Defendants argue that these recommendations for future treatment, combined with Plaintiff's past medical expenses, exceed the jurisdictional amount of $75,000.[49]

Next, Defendants contend that Plaintiff demanded $595,475.35 to settle her claims with Defendants, exclusive of interests and cost.[50] Defendants argue that Plaintiff's demand was submitted in good faith in an attempt to negotiate a settlement agreement.[51] Accordingly, Defendants assert that the amount in controversy clearly exceeds $75,000.[52]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has

---

[44] Rec. Doc. 12 at 3.

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.* at 4.

[49] *Id.*

[50] *Id.* at 5.

[51] *Id.*

[52] *Id.*

original jurisdiction over the action.[53] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." The removing party bears the burden of demonstrating that federal jurisdiction exists.[54] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[55] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[56]

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[57] When the plaintiff alleges a damage figure in excess of the required amount in controversy, "that amount controls if made in good faith."[58] If the plaintiff pleads damages less than the jurisdictional amount, this figure will also generally control, barring removal.[59] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[60]

---

[53] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[54] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[55] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[56] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[57] *See Allen*, 63 F.3d at 1335.

[58] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[59] *Id.*

[60] *Id.*

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[61] A plaintiff is, however, permitted to make "a general allegation that the claim exceeds or is less than" a particular amount if making such an allegation is necessary to establish the lack of jurisdiction of federal courts due to insufficiency of damages.[62] When, as here, the plaintiff has alleged an indeterminate amount of damages in the Complaint, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[63] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy— preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[64] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[65] Finally, the jurisdictional facts that support removal "must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time."[66]

## IV. Analysis

In the instant motion, Plaintiff argues that the issue of jurisdiction was already judicially determined by this Court the first time this matter was removed and that therefore, res judicata

---

[61] *See* La. Code Civ. P. art. 893.

[62] *Id.*

[63] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[64] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[65] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[66] *Allen*, F.3d at 1335.

applies.[67] Defendants argue that they are entitled to remove this matter because removal is timely and because Defendants obtained new documents, namely a demand letter from Plaintiff for $595,475.35, which shows that the amount in controversy exceeds $75,000, exclusive of interests and costs.[68]

The mere fact that a case was previously removed and remanded does not automatically preclude a subsequent removal. "The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand."[69] "[A] defendant is precluded only from seeking a second removal *on the same ground*," meaning by referring to the same pleading or event that formed the basis of the initial removal.[70] Nevertheless, a defendant may file a second notice of removal when subsequent pleadings or events reveal a new and different basis for removal.[71] For example, in *S.W.S. Erectors, Inc. v. Infax, Inc.*, the Fifth Circuit held that a case which was not initially removable became removable when a deposition revealed, for the first time, that the jurisdictional amount in controversy was met.[72]

In general, a defendant must file a notice of removal in the district court within 30 days after receipt of the state court pleading that sets forth a removable claim.[73] However, in a case where removal is not based upon an initial pleading, a defendant may file a notice of removal

---

[67] Rec. Doc. 5 at 1.

[68] Rec. Doc. 12 at 5.

[69] S.*W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) (citing *Browning v. Navarro*, 743 F.2d 1069, 1079–80 n. 29 (5th Cir. 1984)).

[70] *Id.* (emphasis in original).

[71] *Id.* at 492–93.

[72] *Id.* at 494. The deposition constituted "other paper," as contemplated by 28 U.S.C. § 1446(b).

[73] 28 U.S.C. § 1446(b).

"within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[74] While subsequent removals are permitted, such removals must be based on newly acquired evidence that reveals a new factual basis for removal.[75]

In *Addo v. Globe Life and Acc. Ins. Co*, the Fifth Circuit considered whether a post-complaint letter concerning settlement terms may constitute "other paper" and thus trigger the 30-day removal period under 28 U.S.C. § 1446(b).[76] In that case, the plaintiff served a letter to the defendant "offering to settle the suit for an amount in excess of $75,000."[77] The Fifth Circuit held that a demand letter transmitted after a plaintiff files suit may demonstrate, under 28 U.S.C. § 1446(b)(3), that a case is removable.[78] The court, construing the statute, reasoned that "holding that a post-complaint letter, which is not plainly a sham, may be 'other paper' under § 1446(b)(3) is consistent with the purpose of the removal statute to encourage prompt resort to federal court when a defendant first learns that the plaintiff's demand exceeds the federal jurisdictional limit."[79]

Here, Plaintiff submitted a demand to Defendants on May 14, 2020 for $595,475.35.[80] In the demand letter, Plaintiff represents that she has incurred $25,475.35 in past expenses and estimates that she will incur an additional $60,000–$70,000 in future medical treatment.[81] Under

---

[74] 28 U.S.C. § 1446(b)(3).

[75] *S.W.S. Erectors, Inc.*, 72 F.3d at 492.

[76] 230 F.3d 759 (5th Cir. 2000).

[77] *Id*. at 760.

[78] *Id*. at 762.

[79] *Id*.

[80] Rec. Doc. 1-13.

[81] *Id*. at 4.

*Addo*, Plaintiff's May 14, 2020 demand letter offering to settle the case for $595,475.35 constitutes "other paper" as long as the demand letter was "not plainly a sham."[82] Defendants removed this case to federal court on June 4, 2020, within thirty days of receipt of the settlement demand letter. Moreover, Plaintiff does not assert that the demand letter was a "sham." Accordingly, the Court finds that the demand letter constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b)(3) and finds that removal was timely.

When, as here, the plaintiff has alleged an indeterminate amount of damages in the Complaint, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[83] A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[84] The amount of an offer in a "settlement letter is valuable evidence to indicate the amount in controversy at the time of removal."[85] However, that amount is not necessarily "determinative" of the amount in controversy.[86]

After considering the totality of the evidence, the Court finds that Defendants have shown by a preponderance of the evidence that the amount in controversy is sufficient to justify the

---

[82] *Addo*, 230 F.3d at 762.

[83] *Gebbia*, 233 F.3d at 882; *see also Allen*, 63 F.3d at 1335.

[84] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[85] *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F.Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994)).

[86] *Carver v. Wal-Mart Stores*, No. CIV. A. 08-42-M2, 2008 WL 2050987, at *3 (M.D. La. May 13, 2008) (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)).

exercise of subject-matter jurisdiction over this case.[87] In the demand letter, Plaintiff represents that she has incurred $25,475.35 in past expenses and estimates that she will incur an additional $60,000–$70,000 in future medical treatment.[88] Additionally, Plaintiff demanded $595,475.35 to settle the case, exclusive of interests and costs.[89] Based on the forgoing, Defendants have met their burden of establishing the jurisdictional amount in controversy and that the Court has subject matter jurisdiction over the matter.[90]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[91] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 2nd day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT JUDGE**

---

[87] *Gebbia*, 233 F.3d at 882; *see also Allen*, 63 F.3d at 1335.

[88] Rec. Doc. 1-13 at 4.

[89] *Id.*

[90] Defendants aver that the requirement of complete diversity is satisfied. *See* Rec. Doc. 1 at 10. Specifically, Defendants allege that Plaintiff is domiciled in and is a citizen of the State of Louisiana, Defendant Mario Lopez, is domiciled in and is a citizen of the State of Texas and Defendant Protective Insurance Company is a foreign corporation organized under the laws of and has its principal place of business in the state of Indiana. *Id.* Plaintiff does not contest these assertions.

[91] Rec. Doc. 5.